## Roberts, et al. v. Drovers' National Bank.

(Decided May 29, 1923.)

## Appeal from Carlisle Circuit Court.

1. Bills and Notes—Notation Check was Given for Three Sound Mules Does Not Give Notice of Conditional Sale—"Holder in Due Course."—A notation on the face of a check that it was for three sound mules did not give the bank which cashed the check notice that it was given in a conditional sale contract, since such notations are commonly used as memoranda for the drawer of the check, and the bank was a holder in due course in view of Kentucky Statutes, section 3720b, subsection 56, providing that to constitute notice of an infirmity the person to whom the interest is negotiated must have actual knowledge of such facts that his action in taking the instrument amounted to bad faith.

2. Banks and Banking—Bank Wiring Agreement to Pay Check is Bound Thereby.—A bank which wired its willingness to pay a check drawn upon it before the bank making the inquiry had cashed the check is bound to pay the check.

J. F. NICHOLS for appellants,

JOHN E. KANE for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE SAMPSON—
Affirming.

Appellant Roberts was in East St. Louis, Illinois, on March 20th, 1918. On that day he purchased three mules from E. Lawler at the price of $275.00 and gave to Lawler a check for that amount on the First National Bank of Bardwell, Kentucky. The mules were shipped to Kentucky by Lawler. Very soon after the giving of the check Lawler took it to the Drovers' National Bank, East St. Louis, and cashed it. Before cashing it the bank, at the instance of Lawler, sent the following telegram to the First National Bank of Bardwell, Kentucky:

"Will you pay check signed W. A. Roberts, $275.00?" To which telegram the First National Bank of Bardwell answered: "Will pay check signed W. A. Roberts, $275.00."

On the face of the check are these words: "For three sound mules."

When the mules arrived in Kentucky Roberts was displeased with them and directed the First National Bank of Bardwell not to pay the check, and it declined to do so. Thereupon the Drovers' National Bank brought this action against Roberts to recover the $275.00 on the check. Later it joined the First National Bank of Bardwell as a party defendant. At the conclusion of the evidence, the court on motion of the plaintiff bank directed the jury to find and return a verdict for it, and of this ruling the appellants, First National Bank and Roberts, complain on this appeal.

It is insisted that the words on the face of the check "for three sound mules" gave to the appellee bank notice of the defect in the title of Lawler, or rather gave the bank information that the check was given on a conditional sale or warranty of soundness and was not an absolutely irrevocable agreement to pay $275.00. Appellants further insist that the East St. Louis bank was not a holder in due course and relies upon subsection 56 of section 3720b, Kentucky Statutes, which reads:

"To constitute notice of an infirmity in the instrument or defect in the title of the person negotiating the same, the person to whom it is negotiated must have had actual knowledge of the infirmity or defect, or knowledge of such *facts that his action in taking the instrument amounted to bad faith.*"

It is not contended by appellant that the East St. Louis Bank had actual knowledge of an infirmity or defect in the check at the time or before it cashed it, but it insists that the words "for three sound mules" furnished such facts to the bank that in taking the check, amounted to bad faith. We cannot agree with this reasoning. The mere fact that the words "for three sound mules" were placed on the face of the check did not take away from it an absolute promise to pay. Suppose, in place of the words quoted, the check had stated "for three white mules," or "for three wagon mules," would it be contended that the words indicated a conditional promise to pay or a conditional trade between the original parties? Generally the words placed upon the line after the word "for," on the face of the check, are used as a memorandum by the maker of the check to remind him of the nature of the transaction in which the check was given, and is not intended to give notice to the bank that the check is or was given in a conditional transaction. If banks were required to look to such words on the face of checks before paying, and when the words employed gave the impression that the maker of the check was paying the money only on condition that the articles purchased were of a certain kind and character, and the bank was required to investigate each transaction before paying the checks, all avenues of commercial intercourse would be closed and our business would be at a standstill. The purpose of the negotiable instruments act was to relieve banks of the necessity of looking to the fulfillment of all contracts and of relieving banks of making inquiry as to the nature and uprightness of each deal before paying notes and checks which are regular on their face. We do not think that subsection 56 of section 3720b, Kentucky Statutes, aids appellants' contention. Upon the contrary it seems to support the contention of appellees. The First National Bank of Bardwell having wired its willingness to pay the check before appellee bank cashed it, is bound for its payment.

For the reasons indicated the judgment is affirmed